HANSON, J., Concurring.
In my view this 14-year-old defendant, who personally signed and filed his notice of appeal in pro. per., was fairly tried, justly convicted and properly placed on home probation. In my opinion the error complained of was clearly harmless beyond a reasonable doubt by reason of the uncontradicted testimony of an eyewitness (Cal.Const., art. VI, § 13).
However, I reluctantly concur that the judgment must be reversed under the compulsion of the California Supreme Court cases (People v. Pettingill (1978) 21 Cal.3d 231 [145 Cal.Rptr. 861, 578 P.2d 108]; People v. Burton (1971) 6 Cal.3d 375 [99 Cal.Rptr. 1, 491 P.2d 793]; In re Michael C. (1978) 21 Cal.3d 471 [146 Cal.Rptr. 358, 579 P.2d 7] ) which render admission into evidence of his statements reversible error per se and preclude the application of the harmless error test.
California case law apparently holds that appellate review of a trial court’s denial of a defendant’s motion to suppress physical evidence in violation of Fourth Amendment rights pursuant to Penal Code section 1538.5 following a trial on the merits (as distinguished from a guilty plea) is subject to the provisions of the California Constitution, article VI, section 13, and the harmless error test.
The above cases of Pettingill, Burton and Michael C. apparently hold that a trial court’s denial of a defendant’s motion to suppress a confession in violation of Fifth Amendment rights pursuant to Penal Code section 1538.5 even following a full blown trial on the merits is not subject to the provisions of California Constitution, article VI, section 13, or the harmless error test and any such error is reversible per se.
In my view there is no logical justification for requiring a reversal per se under the facts of the instant case. In my opinion the mandate of California Constitution, article VI, section 13, that “No judgment shall be set aside, or new trial granted, in any cause, on the ground of. . . the *303 improper admission or rejection of evidence, . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice,” should be honored and applied to all evidence improperly admitted under either the Fourth or Fifth Amendment.
The per se reversal requirement in the instant case has unnecessarily caused delay in final disposition and causes unnecessary expenditure of public funds which have the additional result of loss of public confidence in the criminal justice process.